


FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JAN -6 PM 4: 24

CLERK'S OFFICE
AT BALTIMORE
————————DEPUTY

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Christopher J. Romano*
*Assistant United States Attorney*
*Christopher.Romano@usdoj.gov*

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4907
MAIN: 410-209-4800
FAX: 410-962-0717

October 3, 2014

Robert H. Waldman, Esquire
113 Ridgely Avenue
Annapolis, MD 21401

Re: <u>United States v. Soboyejo Sofidiya</u>
Crim. No. CCB-14-131

Dear Mr. Waldman:

This letter, together with the Sealed Supplement confirms the plea agreement which has been offered to your client, Soboyejo Sofidiya (Defendant), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by <u>October 17, 2014</u>, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1. The Defendant agrees to plead guilty to Count One of the Indictment, which charges him with conspiracy to possess with the intent to distribute 1 kilogram or more of phencyclidine (PCP), a Schedule II controlled substance, in violation of 21 U.S.C. §846. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

   a. At or about the time charged in the Indictment, in the District of Maryland, the Defendant knowingly, intentionally and willfully agreed with one or more persons to distribute, or possess with the intent to distribute 1 kilogram or more of a quantity of a mixture or substance containing a detectable amount of phencyclidine (PCP);

   b. The participation by the Defendant was knowing and voluntary, that is not by accident or mistake.

1

### Penalties

3.  The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows: imprisonment for life with a minimum mandatory sentence of ten (10) years, and a $10,000,000 fine, followed by a term of supervised release of at least five (5) years. In addition, your client must pay $100 as a special assessment under 18 U.S.C. §3013, which will be due and should be paid at or before time of sentencing. Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2500.00 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3). If a fine is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that, if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of her supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

### Waiver of Rights

4.  The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.  If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.  If the Defendant elected a jury trial, the jury would be comprised of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c.  If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d.  The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court

could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

## Factual and Advisory Guidelines Stipulation

5. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

## Base Offense Level and Adjustments

(a). This Office and the Defendant stipulate and agree that the applicable base offense level is a level 30, pursuant to USSG §§ 2D1.1(c)(4), and 1B1.3 to account for at least 1 kilogram of PCP, but less than 3 kilograms of PCP.

(b). This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the Defendant's acceptance of personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about his involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (vii) attempts to withdraw his plea of guilty.

(c). The parties agree that if the Defendant meets the criteria under

3

USSG § 5C1.2 ("safety valve") that his offense level should be decreased by two levels pursuant to USSG § 2D1.1(b)(16).

(d). The Defendant is free to argue for any offense characteristics, sentencing guidelines factors, departures and/or adjustments set forth in Chapters 2, 3 or 4 of the United States Sentencing Guidelines, including role in the offense, as well as a variance under 18 U.S.C. §3553, upon giving the Government notice at least two weeks prior to the date of sentencing. The Government reserves the right to oppose any request(s) made by the Defendant.

6. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

### Effect of Proposed U.S.S.G. Changes as of March 13, 2014

7. In anticipation of the forthcoming changes to the Drug Quantity Table in the United States Sentencing Guidelines 2D1.1, the United States hereby agrees not to oppose a 2- level downward variance. In exchange, the Defendant agrees not to seek a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment # 3 to the U.S.S.G. submitted to Congress on April 30, 2014.

*[handwritten margin note: level 30 applicable ofl]*

### Obligations of the United States Attorney's Office

8. This Office reserves the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct which this Office deems relevant to sentencing, including the conduct that is the subject of any counts of the Indictment that this Office has agreed to dismiss at sentencing. This Office will be free to recommend any sentence within the applicable guideline range. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

### Waiver of Appeal

9. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a) The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b) The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised

release), <u>except</u> as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it **exceeds an adjusted base offense level of 29 (ii)** and this Office reserves the right to appeal any term of imprisonment to the extent that it is **below an adjusted base offense level 29.**

*[handwritten margin notes: "25", "RHW", initials]*

c) Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d) The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

10. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under USSG § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

11. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the Presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court

ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

12. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and together with the Stipulation of Facts and the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,
Rod J. Rosenstein
United States Attorney

By: _____
Christopher J. Romano
Leo Wise
Assistant United States Attorneys

I have read this agreement and sealed supplement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Guidelines Stipulation with my attorney and I do not wish to change any part of it. I understand this plea agreement, and I voluntarily agree to it. I am completely satisfied with the representation of my attorney.

10/17/14
Date

Soboyejo Sofidiya

I am Mr. Sofidiya's attorney. I have carefully reviewed every part of this agreement and sealed supplement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

17 October 2014
Date

Robert H. Waldman

6

## ATTACHMENT A
## STIPULATION OF FACTS

The undersigned parties stipulate and agree that if this case had proceeded to trial, the Government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.

As part of an investigation into the distribution of phencyclidine (PCP), in the Howard County, area of Maryland, detectives sought and received authorization to intercept cellular telephone calls from a number of individuals. Based on intercepted calls/text messages, the Defendant, Soboyejo Sofidiya (Sofidiya), was identified as an individual trafficking in PCP. On multiple occasions the Defendant was intercepted over court authorized wiretaps. Illustrative of the intercepted calls/text messages are the following:

On November 16, 2013 in call number 115 between Sofidiya and a co-defendant, Carlos Wells (Wells), the two discussed how Wells had been provided with an inferior quality of PCP by another individual. Wells indicated that he was still able to resell it. Wells then agreed to purchase PCP from Sofidiya and they then discussed where to meet.

Also during the time period of November 16-21, 2013, there were a series of calls intercepted between Sofidiya and a co-defendant, Mohammed Wurie (Wurie), in which Sofidiya agreed to meet Wurie in order to purchase 8 ounces of PCP from Wurie. Surveillance subsequently covered a meeting between the two at a Walmart parking lot in Landover Hills, Maryland, where the transaction was completed.

On November 23, 2013, there were a series of calls again intercepted between Sofidiya and Wurie, in which Sofidiya agreed to meet Wurie in order to purchase 8 ounces of PCP from

7

Wurie. Surveillance subsequently covered a meeting between the two at the Italian Inn in Hyattsville, where the transaction was completed.

On December 5, 2013, Sofidiya and another co-defendant, Fitzgerald Stoney (Stoney), traveled to New York in order to obtain PCP. Upon their return from New York, a traffic stop was conducted in Howard County of a vehicle operated by Stoney, with the front-seat passenger being Sofidiya. Found in the cup holder between Stoney and Sofidiya was a 10 ounce Tropicana plastic bottle containing 10 ounces of PCP. Both Sofidiya and Stoney were arrested. Upon Sofidiya being released on bail he placed a call to an individual in New York. That call was intercepted. In the call Sofidiya explained what happened to him and Stoney and acknowledged that he provided some of the money used to acquire the PCP.

The parties stipulate and agree that the amount of PCP reasonably foreseeable to Sofidiya was at least 1 kilogram, which is far in excess of the amount intended for personal use, and in fact would indicate an intention to distribute.

_____
Christopher J. Romano
Leo Wise
Assistant United States Attorneys

_____
Soboyejo Sofidiya
Defendant

_____
Robert H. Waldman
Counsel for Defendant